[Crim. No. 729.  First Appellate District.—May 22, 1918.]

THE PEOPLE, Respondent, v. FRANK SOLDAVINI, Appellant.

CRIMINAL LAW—MURDER—DEFAMATION OF FAMILY OF DECEASED—EVI-
    DENCE.— REBUTTAL OF TESTIMONY OF DEFENDANT — IMPROPER AD-
    VANCES TO WIFE OF DECEASED.—In a prosecution for the crime of
    murder, it was not error to permit the wife of the deceased to testify
    that the defendant had made improper advances to her several
    months previous to the homicide, where the purpose of such evidence
    was to rebut the testimony of the defendant that he had never
    defamed the family of the deceased or had ever done anything to
    him as a traitor.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

C. V. Riccardi, and Jeff L. Maloy, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged by information with the murder of one Tacchi, alleged to have been committed on the twenty-sixth day of October, 1917, in Marin County. He was tried and convicted of manslaughter, an indeterminate sentence being imposed. From the judgment and from an order denying a new trial defendant appeals.

The only question raised upon the appeal is whether the trial court erred in permitting the wife of the deceased to testify that the defendant had made improper advances to her several months previous to the homicide. During the trial there was introduced in evidence, without objection, a letter written by Tacchi to defendant, which contained veiled threats and in which Tacchi called the defendant "traitor," and from which it was apparent that ill feeling existed between them, the reason for the unfriendly relation being couched in ambiguous terms. The defendant, when asked what there was in the letter which made him feel so badly that he cried, replied, "There was there that I was a defamer and defam-

ing his family and those things.'' Upon redirect examination the defendant denied that he had ever defamed Tacchi's family or that he had ever done anything to him as a traitor. To rebut this testimony it was proper to permit in evidence testimony to the effect that the defendant, several months prior to the homicide, had made improper advances to the wife of the deceased. It was also proper testimony to explain the insinuations contained in the letter as to the reason of the unfriendly relation between the deceased and defendant. (Code Civ. Proc.; see. 1854.)

But even if the admission of the evidence in question were erroneous, the judgment should not be set aside, for an examination of the entire cause shows that no miscarriage of justice occurred.

Judgment affirmed.